### EDWARD W. RIDGWAY *vs.* NATHANIEL D. VOSE.

If land is conveyed with a condition that the grantee shall erect thereon a wall, and with a provision that the grantor shall " make no further use of it than to have the privilege of letting his timbers to his shed, as it now stands, into said wall," and he afterwards inserts into the wall the timbers of a new building, substantially different from the old one in its dimensions, height and uses, he is liable therefor in damages to the amount of the injury thereby caused.

TORT to recover damages to the plaintiff's wall by the insertion therein of timbers of a building erected by the defendant upon his own land. At the trial in the superior court, it appeared that the defendant conveyed to the plaintiff's ancestor the land on which the wall now stands, with a condition that the grantee should erect the wall, and containing this provision: " And the said Vose is to make no further use of it than to have the privilege of letting his timbers to his shed, as it now stands, into said wall." Under instructions by *Morton*, J., which are stated in the opinion, the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. P. Healy*, for the defendant.

*L. L. White*, for the plaintiff.

METCALF, J. The court cannot see that the defendant has any ground of exception to the instructions given to the jury. His only right to insert timbers in the plaintiff's wall is that which is contained in his deed of October 21st 1840, given to the plaintiff's ancestor. The legal effect of that deed was to reserve to the defendant the privilege of letting the timbers of his shed, as it then stood, into the plaintiff's wall, and no further use of that wall. And the jury were instructed that the defendant had no right to put into that wall the timbers of a new building different in dimensions, height and uses from the shed that was standing when the deed was given. Under these instructions, the jury have found that the defendant has put into the plaintiff's wall timbers of a new building which is not substantially like the old shed, and that the plaintiff has thereby sustained actual damage.

A judgment on the verdict will leave undecided a point taken by the plaintiff's counsel, to wit, that the privilege reserved to the defendant in his deed is personal merely, or, at most, does not extend beyond the existence of the shed as it stood at the date of the deed.  *Exceptions overruled.*